Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of

**FILED**

JUL 2 1 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

Division

Case No. SA20CA0847 OG

*(to be filled in by the Clerk's Office)*

Alex TANNOUS

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Jury Trial: *(check one)* ☐ Yes ☐ No

Bexar County Court house

Defendant(s)

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

**I.     The Parties to This Complaint**

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

Name                    Alex TANNOUS
Street Address          3599 oakgate DR. TX 78230
City and County         SAN ANTONIO, Bexar County
State and Zip Code       78230
Telephone Number         202-320-2233
E-mail Address           Sophiadday01@hotmail.com

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation. For an individual defendant,
include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

Name — Bexar County and Judge Micheal Mer Judge

Job or Title *(if known)* — Judge

Street Address — 100 Dolorosa, 4th Floor

City and County — San Antonio, Bexar County

State and Zip Code — TX 78205

Telephone Number — 210-335-2515

E-mail Address *(if known)* —

**Defendant No. 2**

Name — Bexar County and Sol Casseb III Judge

Job or Title *(if known)* — Judge

Street Address — 12000 Huebner Rd, Suite 200

City and County — San Antonio, Bexar County

State and Zip Code — TX 78230

Telephone Number — 210-349-9933

E-mail Address *(if known)* — JudgeCasseb@hhzlaw.com

**Defendant No. 3**

Name — Bexar County and Norma Gonzales Judge

Job or Title *(if known)* — Judge

Street Address — 100 Dolorosa, Second Floor

City and County — SA, Bexar County

State and Zip Code — TX 78205

Telephone Number — 210-335-2521

E-mail Address *(if known)* —

**Defendant No. 4**

Name — Bexar County and Mary Lou Patricia Alvarez Judge

Job or Title *(if known)* — Judge

Street Address — 100 Dolorosa, 9th Floor 4th

City and County — SA, Bexar County

State and Zip Code — TX 78205

Telephone Number — 210-335-2507

E-mail Address *(if known)* —

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name                         Peter SAKAI and Bexar County

Job or Title *(if known)*    JUDGE

Street Address               100 DOLOROSA,

City and County              S.A, Bexar County

State and Zip Code           TX 78205

Telephone Number             210-335-2768

E-mail Address *(if known)*


Defendant No. 2

Name                         ANGELICA JULISSA CARCANO (ALBANESE)

Job or Title *(if known)*    Real ESTATE .

Street Address               1922 winding view

City and County              S.A, Bexar County

State and Zip Code           TX 78260

Telephone Number             210-383-4740

E-mail Address *(if known)*  KW Selechomes@gmail.Com .


Defendant No. 3

Name                         Miguel ortiz

Job or Title *(if known)*    LAWYER

Street Address               TexAS 40 NE Loop 410 suite 118

City and County              S.A., Bexar County

State and Zip Code           TX 78216

Telephone Number             210-822-4200

E-mail Address *(if known)*


Defendant No. 4

Name                         CASA DE familia and owner ANDREA CURZATI

Job or Title *(if known)*    CEO .

Street Address               9500 Tioga

City and County              S.A, Bexar County

State and Zip Code           TX 78230

Telephone Number             210-616-0828 .

E-mail Address *(if known)*

Defendant No. 1

Name    ERNEST KARAH

Job or Title *(if known)*  CEO

Street Address  1919 SAN Pedro Ave

City and County  S.A, BexAR County

State and Zip Code  TX / 78212

Telephone Number  210-735-9911

E-mail Address *(if known)*


Defendant No. 2

Name    Robert INSERNI

Job or Title *(if known)*  LAwyer

Street Address  607 E BLANCO RD, # 2324

City and County  BOERNG

State and Zip Code  TX 78006

Telephone Number  210-446-8080

E-mail Address *(if known)*


Defendant No. 3

Name    Stephanie walsh

Job or Title *(if known)*  LAwyer

Street Address  411 South PRESA

City and County  S.A, Bexar County

State and Zip Code  TX 78205

Telephone Number  210-271-3040

E-mail Address *(if known)*


Defendant No. 4

Name    Rosie Gonzales

Job or Title *(if known)*  JUDGE

Street Address  300 DOLOROSA, Court 13

City and County  S.A, Bexar County

State and Zip Code  TX / 78205

Telephone Number  210-335-2685

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name                       Charles TARGET

Job or Title *(if known)*   LAWYER

Street Address             2600 McCullough Ave, 2nd floor

City and County            S.A, BEXAR County

State and Zip Code         TX/78212

Telephone Number           210-572-7272

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

   a.    If the plaintiff is an individual

   The plaintiff, *(name)* Alex Tannous , is a citizen of the State of *(name)* DUBAI, Texas .

   b.    If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ and has its principal place of business in the State of *(name)* _____

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

          The defendant, *(name)* _____ , is incorporated under

          the laws of the State of *(name)* _____ , and has its

          principal place of business in the State of *(name)* _____

          Or is incorporated under the laws of *(foreign nation)* _____ ,

          and has its principal place of business in *(name)* _____ .

          *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

        The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

      ~~100$~~ 100 million Dollars

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

August 15, 2018  Filed for divorce By my Ex wife ANGELICA ALBANESE.
IBeen hurt ME and my DAUGHTER Sophia Tannous. The Claim is That
They DISRESPECT ME Because from ARAB country They were So AACISI
PREJIDEST, DAMAGE my Relation ship with my DAUGHTER without ANY
EVIDENCE   DAMAGE my health from stress To fight for my daughter
They DAMAGE my Rights, lie UNDER OATH, Threat me in the court
house, STALKING me and harrasse me, and my Ex wife wantsTokilln

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

August 2019, Till DATE, I have been Seeing my daughter under
Supervision 500 $/ hour AsThe court order, Since last 6 month I didn't
See my daughter or know ANY Thing About her, DUE To black me
me To See my DAUGHTER. ALSO I have lost 2.4 million dollars worth of
PROPERTY AWARDED To her, By forcing me and Threating By

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**V.     Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     07-20-2020

Signature of Plaintiff

Printed Name of Plaintiff     Alex Tanious

**B.     For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Gonzales
171.

30 min ·   10 1/2 hrs

# JUDGE'S NOTES

Cause Number: 2018CI15371          Court: 045          Date/Time: 09/26/2018 09:00AM
Setting Court: 109

Style: **ANGELICA J ALBANESE VS. ALEX TANNOUS**

**Attorney(s) For Case**
ROBERT INSERNI
MIGUEL ORTIZ                                    TINA TORRES

Type of Motion or Application: NON-JURY RESET ON M/T MODIFY ADD TEMP ORDERS

AGREED ORDER_____ RECORD TAKEN ___Ø___

INTERPRETER_____ RESET DATE _____

DATE OF NOTES **9-26-18** JUDGE INITIALS ___Ng___

1) Parties agree to refinance winding way
residence under her name only
remains Community Property

2) ~~Assign~~ Atty R. Gonzalez
to supervise visits between
Ⓕ and child

$500/hr
pd from Community Funds
2 hour visits

3) Ⓕ + Child's passport to be given
to Atty Gonzalez w/I 24 hours

4) Ⓕ to deposit funds directly to Atty RG
JOINT Acct for visitations

# JUDGE'S NOTES

Cause Number: 2018CI15371                Court: 045
                                         Setting Court: 109        Date/Time: 09/26/2018 09:00AM

Style: ANGELICA J ALBANESE VS. ALEX TANNOUS

**Attorney(s) For Case**

ROBERT INSERNI
MIGUEL ORTIZ                                    TINA TORRES


Type of Motion or Application: NON-JURY RESET ON TEMP ORDERS

AGREED ORDER _____ RECORD TAKEN _____
INTERPRETER_____ RESET DATE_____

DATE OF NOTES _____ JUDGE INITIALS _____

Ct Orders Mediation w/ E. Karam
w/I 60 days


All Injunctions Mutual


Visitation : See attached Ex "A"

# JUDGE'S NOTES

Cause Number: 2018CI15371

Court: 045

Setting Court: 109

Date/Time: 09/26/2018 09:00AM

Style: ANGELICA J ALBANESE VS. ALEX TANNOUS

**Attorney(s) For Case**

ROBERT INSERNI
MIGUEL ORTIZ

TINA TORRES

Type of Motion or Application: NON-JURY SETTING ON TEMPORARY ORDERS

AGREED ORDER _____   RECORD TAKEN _____

INTERPRETER _____   RESET DATE _____                    NO

DATE OF NOTES _____   JUDGE INITIALS _____

Sept. 27     9:30a – 11:30a

Sept. 28     ▒▒▒▒▒ – 10:00▒ ✓

Oct. 2       ▒▒▒▒ – 3:30▒ ✓     No See / Court Time

Oct. 3       1:30 – 4:30p                    2 ▒▒ ANG▒

→ Oct. 4     ▒6:00▒ – 8:00▒

→ Oct. 8     ▒6:00▒ – 8:00▒ ✓

Oct. 9       8:00 – 2:00p

Oct. 10      ▒3:00▒ – ▒▒▒▒p

Oct. 12      8:00 – 1:30p.

Oct. 13      ▒8:00a – 3:00p▒

Oct. 14      ▒12:00 noon▒  6:00pm

Oct. 15      8:00a – 1:00p

Oct. 16      8:00a – 3:00p

Oct. 17      ▒1:00p – 5:00p▒

Oct. 18      1:00p – 5:00p

Oct. 19      ▒6:00a – 4:30▒p

Oct. 20      anytime, all day

Oct. 21

Oct. 22      ▒▒▒▒▒▒▒▒▒▒

Oct. 23      1:00p – 3:30p

Oct. 24      8:00a – 10:30a     or    5:00p – 8:00p

Oct. 25      5:30p – 8:00▒

Oct. 26      open morning

Oct. 27      ▒1:00p – 5:00p▒

Oct. 28      anytime, all day

Oct. 29      adults 8:00a – 2p

Oct. 31      ▒9:00a – 1:00p▒

Nov. 1       6:30p – 8:00p

Nov. 2       5:30p – 8:00p▒

Nov. 3       anytime, all day

Nov. 4       ▒▒▒▒ all day▒  p. noon to 2:00 p.m.

Nov. 7       8:00a – 4:00p

Nov. 8       ▒6:00p – 8:00p▒

Nov. 9       6:00p – 8:00p

Nov. 10      6:00p – 8:00p

Nov. 11      ▒8:00p – 5:00p▒
             8:00p – 5:00p

Nov. 12          anytime, all day

Nov. 13          ~~████~~ 6:00 p

Nov. 14          4:00 p - 8:00 p

Nov. 16          ~~████████~~

Nov. 17          all day          f. noon to 2:00 am

Nov. 18          all day

Nov. 19          ~~████████~~     f. noon to 2:00 am

Nov. 20          "

~~Nov. 24~~      ~~6:00 p - 8:00 p~~
                 ~~all day~~

Nov. 26          ~~all day~~      f. noon to 2:00 am

July 15, 2020, 5:27 PM

# Fwd: Child Support Obligation



From: Alex Tannous <sophiadday01@hotmail.com>

To: 1cpjlaw <1cpjlaw@gmail.com>

--

Alex Tannous

------ Forwarded Message ------
From: Ryan Reed RReed@pulmanlaw.com
To: Alex tannous Sophiadday01@hotmail.com
Date: Wednesday, 15 July 2020, 05:25PM -05:00
Subject: Child Support Obligation

Alex,

During your divorce case, there was never a temporary order entered requiring you to pay child support. The first time there was ever a order that required the payment of child support was when the judge signed the divorce decree. In the divorce decree, the judge ordered the back payment of child support back to the petition date, over my objections. So, when you were first required to pay child support was when the judge signed the decree, but the amount of child support was staggering because he ordered it retroactively.

Please let me know if you have any questions. Thanks,

Ryan


Ryan C. Reed

Partner

Pulman, Cappuccio & Pullen, LLP

2161 NW Military Highway, Suite 400

San Antonio, Texas 78213

(210) 222-9494 (Main, Ext.105)

(210) 892-1610 (Fax)

(210) 892-0425 (Direct)

(512) 826-3657 (Cell)

rreed@pulmanlaw.com

www.pulmanlaw.com

PULMAN, CAPPUCCIO & PULLEN, LLP. E-MAIL NOTICE - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an Attorney Work Product, or (3) strictly confidential. If you are not the

**SAN ANTONIO POLICE DEPARTMENT    Case #: SAPD_____**

**When was the last time you were contacted by the suspect ? When was the last time you contacted the suspect?**
(¿Cuándo fue la última vez que el acusado tuvo contacto contigo? ¿Cuándo fue la última vez que se comunicó con el acusado?)

By Phone : 12-28-18    By Email 05-28-2020 only

**What are the beginning and ending dates of this harassment?** (¿Cuándo comenzó el acoso ? ¿Cuándo terminó el acoso ?)

10-26-8018 ——> 07-01-2020

**What will the suspect say is going on?** (¿Qué dirá el acusado sobre lo que sucede?)

She Think, IT's NORMAL and She Believe She is ABOVE The LAW.

**List any witnesses that have been present during any events of Harassment. Be sure to provide contact information for these witnesses.** (Enumere testigos, junto con la información de contacto, que han estado presentes durante cualquier evento de acoso.)

Name: (Nombre) Shannon Severson    Telephone Number: (Teléfono) 210-862-9920

Name: (Nombre) Elic SAleh    Telephone Number: (Teléfono) 210-837-0885

**Give a detailed description of the harassment that is occurring and, if known, the reason why it is happening:**
(Escriba una descripción detallada de lo que está ocurriendo y si usted sabe por qué está ocurriendo)

August 15 2018 my ex-wife Angelica Julissa Albanese (Carcamo) DOB September 26 1976 applied for divorce the reason of the divorce she didn't had any answer to my question where do you spend $25,000 per month. August 28 2018, we signed a TRO at the court house Bexar County it is well stated that she doesn't access my account and I don't access her account and I am a good father I can come and go pick up the baby as much as I want. 4 days later she fraud my bank account with cadence bank I got a call from the bank that she is paying by ACH $9300 I disputed she sent me message that I have access to my daughter Sophia only 4 hours per day the following day she used the same method for $7300 and the bank disputed. She sent me message I can't see the baby this is her rules. She sent by email an offer if I want to see the baby she wants the new house 80% paid by me which we moved into it 3-month ago, 2 cars , 3 pieces of land in horseshoe bay (LBJ LAKE), $15,000 per month or $700,000 one payment. I didn't accept the offer on September 26 2018 we went to the court in front of Judge Arteaga. Angelica demands was She needs 12,500$ half of our expenses each month till Sophia is 18 years old , She needs $ 4,000,000 from Dubai company because I generated them in Dubai during the marriage and she wants an approval from that she sold on piece of land in LBJ, So the judge denied her first 2 demands and only she gave her the land and the judge said to her go sell the house you are living beyond your means in san Antonio.

**"I DECLARE, UNDER PENALTY OF PERJURY, UNDER THE LAWS OF THE STATE OF TEXAS THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT."** ("YO DECLARO, BAJO PENA DE PERJURIO, BAJO LAS LEYES DEL ESTADO DE TEXAS QUE LAS DECLARACIONES ANTERIORES SON LA VERDAD Y CORRECTAS.")

Victim's Signature (Firma de Victima)    Date (Fecha) 07-02-2020

Witness (Firma del Testigo)    Date (Fecha)

**SAN ANTONIO POLICE DEPARTMENT**    Case #: SAPD_____

A.    A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:
1) initiates communication and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene;
2) threatens, in a manner reasonably likely to alarm the person receiving the threat, to inflict bodily injury on the person or to commit a felony against the person, a member of the person's family or household, or the person's property;
3) conveys, in a manner reasonably likely to alarm the person receiving the report, a false report, which is known by the conveyor to be false, that another person has suffered death or serious bodily injury;
4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another;
5) makes a telephone call and intentionally fails to hang up or disengage the connection;
6) knowingly permits a telephone under the person's control to be used by another to commit an offense under this section; or
7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

## HARASSMENT Supplement Report Form

| | | |
|---|---|---|
| **Victim's Name:** (Nombre de Victima) Alex Tannous | **Race:** (Raza) MIDDLE EAST | **Case Number:** 20093397 / 20093679 |
| | | **Victim's DL or ID#:** (Numero de Licencia o Numero de Identificación) 41664271 |
| **Date of Birth:** (Fecha De Nacimiento) 12-13-1984 | **Social Security #:** (Numero de Seguro Social) 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 | **Cell Phone/ Provider** (Teléfono celular/compañía telefónica) 202-320-2233 |
| **Home Address:** (Dirección de Casa) 3529 oakgate DR Tx 78230 | | **Home Telephone:** (Teléfono de Su Casa) |
| **Work Address:** (Dirección de Trabajo) | **Work Telephone:** (Teléfono de Su Trabajo) | **Complainant Email :** (Correo electrónico) Alex_Tannous@YAHOO.com |

| | | |
|---|---|---|
| **Suspect's Name:** (Nombre del Sospechoso) ANGELICA ALBANESE | **Race:** (Raza) LATINO | **Alias Names:** (Nombres alternativos) Julissa CARCAMO |
| **Date of Birth:** (Fecha De Nacimiento) 09-26-1976 | **Social Security #:** (Numero de Seguro Social) | **Cell Phone/ Provider:** 210-383-4710 (Teléfono celular/compañía telefónica) |
| **Home Address:** (Dirección de Casa) 1922 WINDING view Tx 78260 | | **Home Telephone:** (Teléfono de Su Casa) |
| **Is the suspect employed?** ☒Yes (Si) ☐No (¿Esta el Sospechoso empleado?) | **Work Address:** (Dirección de Trabajo) 17806 W INTERSTATE 10 STE 300 Tx 78257 | |
| **Work Telephone:** (Teléfono de Trabajo) | **Suspect DL or ID#:** (Numero de Licencia o Numero de Identificación) | **Suspect Email :** (Correo electrónico) KWSelectHomes@gmail.Com |

### RELATIONSHIP BETWEEN VICTIM AND SUSPECT (RELACION ENTRE LA VICTIMA Y SOSPECHOSO)
**\*\*CHECK ALL THAT APPLY/MARQUE LOS QUE APLIQUEN\*\***

☐ Spouse (Esposo)　　☒ Former Spouse (Ex-Esposo)　　☐ Cohabitants (Cohabitante)　　☐ Former Cohabitants (Ex-Cohabitante)
☐ Dating/Engaged (Novios)　☐ Former Dating (Ex-Novio)　☐ Same Sex (Mismo Sexo)　　☐ Child in Common (Nino en Comun)
☐ Child (Niño)　　☐ Parent (Pariente)　　☐ Emancipated Minor (Menor de Edad emancipado)
☐ Sibling (Hermano)　　☐ NONE　　☐ Other (Otra relación)

**Have you ever lived together?** ☒ Yes (Si) ☐ No
(¿Alguna vez han vivido juntos?)

**Have you made previous police reports involving the listed suspects?**　　☒Yes (Si) ☐No  List Case Numbers:
(¿Usted ha hecho reportes policiacos?)　　　　　　　　　　　　　(Si así fue, enumere los números policiacos del caso)

**Do you have a Protective Order?** ☐ Yes (Si) ☒ No
(¿Tiene usted una orden de protección?)

| | |
|---|---|
| **List at least one person who has frequent contact with you, who is not a blood relative of the suspect.** (Enumere por lo menos a una persona que tiene contacto frecuente con usted, que no es pariente del sospechoso.) | |
| **Name:** (Nombre) Elie SAGh | **Telephone Number:** (Teléfono) |
| **Address:** (Dirección) 3529 oakgate DR Tx 78230 | **Relationship:** (Relación) friend |
| **VICTIM'S STATEMENT** (Declaración de la victima) : | |

2089-Harassment (Nov. 2015)

SAN ANTONIO POLICE DEPARTMENT      Case #: SAPD_____

# HARASSMENT CASE – EVIDENCE REQUIRED

**All DOCUMENTATION/EVIDENCE of the reported harassment MUST BE provided with the victim's written statement (2089) either on paper or on disk (CD)/digital media. An investigation CANNOT be initiated before you, as the victim, provide this evidence establishing probable cause that the offense of harassment has taken place.**

This may include some or all of the following evidence:

1) Copies (screenshots or print-outs) of text messages;
2) Copies of the phone records for the victim's phone covering the month or months during which Harassment by phone to the victim was taking place;
   a. This includes <u>ALL</u> incoming and outgoing phone logs and text/picture logs;
      1. These records can be obtained online at your provider's website;
3) Copies of all emails between the victim and the suspect during the time Harassment was taking place;
4) Copies of any videos or audio recordings (including voicemails) capturing harassment events;
   a. This includes phone recordings, home surveillance video, and recorded conversations

**\*\*\*\*\*\*\*\*\*\*\*\*DO NOT get rid of the ORIGINAL EVIDENCE after providing copies to SAPD\*\*\*\*\*\*\*\*\*\*\*\*\***

*\*PLEASE NOTE: If the victim and the suspect have children together it should be noted that communication about the children may not be considered Harassment simply because the victim does not want the communication.*

*\*Arguments over civil matters like divorce proceedings, child custody, division of property, or bill collection may not be considered harassment simply because the victim does not want the communication.*

*\* Communication must <u>not</u> be back-and-forth. If the victim is actively communicating with the suspect the case cannot be proven as harassment. All communication by the victim to the suspect, even responses to communication, must cease before any case can be made or investigated. The unwanted communication by the suspect needs to continue after any and all communication by the victim to the suspect has stopped and the victim has clearly communicated to the suspect that they want no further communication.*

**Texas Penal Code: Sec. 37.09. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE.**

(a)  A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he:

   (1)  alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding;  or

   (2)  makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding.

   **\*\*  An offense under Subsection (a) is a felony of the third degree. \*\***

**I declare, under penalty of law, that the evidence/records I have submitted for this case are complete and have not been altered or falsified.  The evidence and records I have submitted are true and correct.**

_____  /_07-02-2020_____
Victim's Signature                              /  Date

_____  /_____
Witness' Signature                             /  Date

Texas Penal Code: Sec. 42.07. HARASSMENT.

SAN ANTONIO POLICE DEPARTMENT          Case #:  SAPD

- So, She didn't like the result of this court she sent me a message that "She has a lined-up people that they can take me down and i am not safe in san Antonio" and " Say Goodbye to Sophia " i called Bexar County Sheriff Office i filed incident report on 10/26/2018 and the incident number is BCSO-2018-0404790. During this time, she already kidnapped Sophia 65 days and also i filled a Slender incident number BCSO# 2018-0411125 she started to create Fake Facebook account and many other social media platforms under My name that's i am fake Prince and con man, she used all this words in social media , email, in my biography in the internet on top of this she is damaging my name and my reputation telling people that i been caught at the airport running with my daughter back home to Dubai and i stole from her $500,000 ,  when i met her she was broke she had in her bank account not more than $7500 in cash, even her taxes showing that on 2016 she made $8000 and 2017 $33,000. My CPA Mr. Steve Buttler owner of Haynie CPA came to my trial and testified for me that i bring to this marriage by audit $787,000 cash on 2016 i made deposit in angelica account $216,000 cash on 2017 i made deposit of $308,000 and the rest on 2018 end of August. this is excluded the house wired to her account in chase bank. She started to insult My culture , my religion my parents and all this in a text msg sent by her. January 29 2019 i received a message from credit karma that angelica created an account with them and they file identity theft against her on top of this she sent me a msg that why i am in Miami trying to buy a Rolls Royce. We went to court to solve the problem and try to have access to my daughter they put me under supervision 500$ per hour to see my biological daughter. i never been arrested and i don't have any mental problem the law said if you have this kind of problem you should be under supervision but my ex-wife and her lawyer lied that i am flight risk because i am ARAB this is the racism and Prejudice started i spent $89,000 on 2019 to see my daughter Sophia. She started to break the court order about the visitation i filed more than 40 report against Angelica. So her cousin Carlos Ruben Carcamo illegal from Honduras moved with my ex-wife and my daughter to the house. afterwards, he started to follow me to my apartment we have from the building management the video showing he was under the property in Catalina at the dominion the reason i found out that i was on my way back home and i saw him coming out from the gate and after 20 min my ex-wife is sending msg that Carlos was delivering flower which is a lie because if you are delivering any package they will meet at the gate or they send you the gate code not the way around he was waiting for a resident car to enter the gate so he can trespass as per the video and he entered the property. i filled a police report. June 16 2020 i file a case against Angelica and Carlos they were taking picture of me in warzbuck at Marias pizza address :3529 oakgate drive San Antonio Texas 78230 I followed them by car they were driving Lincoln red with tag number HS61N.  4 weeks later my girlfriend Shannon Severson make incident report SAPD# 2020-0753342 that angelica and her daughter Kelly taking picture of her car in front of my friend house and we have video showing the footage. also she is stalking me and send me email about my new car and she comment Nice ride. last thing in my report is that an account in Facebook under my name was created by michelle gomez that she defamation and libel my name and my brother name even though we don't know this person. We have a big fear and concerns about her direct and indirect threats coming from her or the people around her since many incidents happened and been reported by me and no one moved a finger to protect me, moreover she always says she is above the law and she is untouchable. Note: that we have the transcript from the trial that's the judge rule without evidence he was racism and prejudice against me plus i have inform the FBI that she has a relation with some Cartel for money laundry and a priest pedophile wanted in McAllen  Texas

**"I DECLARE, UNDER PENALTY OF PERJURY, UNDER THE LAWS OF THE STATE OF TEXAS THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT. "** ("YO DECLARO, BAJO PENA DE PERJURIO, BAJO LAS LEYES DEL ESTADO DE TEXAS QUE LAS DECLARACIONES ANTERIORES SON LA VERDAD Y CORRECTAS.")

_____          07-02-2020
Victim's Signature (Firma de Victima)        Date (Fecha)

_____          _____
Witness (Firma del Testigo)              Date (Fecha)

CAUSE NO. 2018-CI-15371

IN THE MATTER OF

THE MARRIAGE OF

IN THE DISTRICT COURT

ANGELICA JULISSA ALBANESE
AND

45th JUDICIAL DISTRICT

ALEX TANNOUS

BEXAR COUNTY, TEXAS

AND IN THE INTEREST OF
SOPHIA TANNOUS, A CHILD

## RESPONDENT'S NOTICE FOR TIME EXTENSION OF APPEAL

RESPONDENT, ALEX TANNOUS FILES THIS, HIS NOTICE OF APPEAL PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 26.1. THE TRIAL COURT, AS WELL AS THE CASE'S TRIAL COURT NUMBER AND STYLE, ARE IDENTIFIED ABOVE. APPEAL CASE NUMBER 04-20-00060-CV. ON 22ND OF APRIL 2020 THE FOURTH COURT OF APPEAL SAN ANTONIO, TEXAS SENT US A LETTER OF MEMORANDUM OPINION THAT THE RESPONDENT DID NOT PAY THE FEES AND THE COURT REPORTER NEVER BEEN SERVED TO ISSUE THE TRANSCRIPT FOR THE TRIAL. THE RESPONDENT HAS PROOF OF THE FEES PAYMENT AND A RECEIPT NUMBER 41982704 IN THE AMOUNT OF 205 USD AND THE COURT REPORTER HAS BEEN SERVED AND PAID BY MY PREVIOUS ATTORNEY RICARDO G. CEDILLO (DC & M ATTORNEYS AT LAW) ON THE 25TH OF JANUARY 2020, AND SHE WAS PAID BY THE FORM W9 IRS. WE HAVE BEEN IN THIS SITUATION BECAUSE OF THE COVID 19 AND FOR THE SAFETY OF EVERYONE THERE WAS A MISSCOMMUNICATION WITH MY PREVIOUS LAWYER AND THE COURT THIS IS THE REASON I AM ASKING FOR AN EXTENSION OF TIME. DEFENDANTS DESIRE TO APPEAL TO THE FOURTH COURT OF APPEALS THE FINAL DECREE OF DIVORCE SIGNED ON NOVEMBER 8, 2019.

RESPECTFULLY SUBMITTED,

ALEX TANNOUS, FATHER OF THE CHILD.

3529 DAKOTA B DR, SAN ANTONIO, TX 78230

CELL: (202)-320-2233

EMAIL: SOPHADOW01@HOTMAIL.COM

ALEX TANNOUS

ALEX TANNOUS, FATHER OF THE CHILD.

3529 OAKGATE DR, SAN ANTONIO,TX

78230

CELL.: (202)-320-2233

EMAIL: SOPHIADDAY01@HOTMAIL.COM

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT PURSUANT TO RULE 21 OF THE TEXAS RULES OF CIVIL PROCEDURE,

THAT A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT HAS BEEN SERVED UPON

THE BELOW-NAMED INDIVIDUALS IN THE FOLLOWING MANNER AS PRESCRIBED BY RULE 21 (A)

OF THE TEXAS RULES OF CIVIL PROCEDURE ON THIS THE 20th DAY OF JULY 2020.

Alex Tannous

NO. 2018-CI-15371

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| ANJELICA JULISSA ALBANESE | § | |
| AND | § | 45th DISTRICT COURT |
| ALEX TANNOUS | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| SOPHIA TANNOUS, A CHILD | § | BEXAR COUNTY, TEXAS |

## RESPONDENT/COUNTER-PETITIONER ALEX TANNOUS' OBJECTIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

In response to Angelique Albanese's Proposed Findings of Fact and Conclusions of Law, Respondent/Counter-Petitioner Alex Tannous files his Objections to A Proposed Findings of Fact and Conclusions of Law as follows:

### OBJECTIONS

1.  The Proposed Findings of Fact and Conclusions of Law submitted by Angelique Albanese do not comply with the Texas Rules of Civil Procedure 296 and 297 in that they fail to identify any facts on which the Court could have relied on in reaching a conclusion of law.

2.  The Proposed Findings of Fact and Conclusions of Law submitted by Angelique Albanese do not comply with the Texas Rules of Civil Procedure 296 and 297 in that they offer nothing more than a recant of the entered judgment which is conclusory in nature and fails to identify any findings of fact which would support a conclusion of law.

Alex Tannous this, his Proposed Findings of Fact and Conclusions of Law in accordance with Texas Rules of Civil Procedure 296 and 297, and respectfully requests that this Court adopt

Findings of Fact and Conclusions of Law as follows:

## <u>FINDINGS OF FACT</u>

1. Alex Tannous and Angelica Albanese were married on January 30, 2016.

2. While married, Alex Tannous and Angelica Albanese had one child:

   S.T., a daughter, born on January 10, 2017 in San Antonio, Texas.

3. The child has resided in San Antonio, Texas since birth.

4. The home state of the child is Texas.

5. On August 15, 2018, Angelica Albanese initiated divorce proceedings.

6. At the time of the initiation of divorce proceedings Angelica Albanese was represented by Robert Inserni.

7. On February 19, 2019 Robert Inserni withdrew as attorney for Angelica Albanese.

8. On February 20, 2019 Robert Inserni filed his Intervention seeking attorney's fees.

9. At the time of trial Angelica Albanese was represented by Miguel A. Ortiz and Dirk R. Ashbaugh.

10. At the time of trial Alex Tannous was represented by Charles K. Tabet.

11. This Court heard the case beginning on April 16, 2019 and ending on April 24, 2019.

12. Amy Hinds, C.S.R. was the official court reporter for April 16, 17, 19, 23 and 24, 2019.

13. Maria Fatthai, C.S.R. was the official court reporter for April 18th and 22nd, 2019.

2

14.   The cost of the transcription by Amy Hinds, C.S.R was $3,820.00.

15.   The cost of the transcription by Maria Fatthai, C.S.R was $2,268.00.

16.   Angelica Albanese testified that she had resided in Bexar County for six months, that she was not then pregnant and that the marriage was irreconcilable.

17.   This Court judicially pronounced a divorce and rendered its judgment on the divorce on April 24, 2019.

18.   Divorce was granted on grounds of insupportability.

19.   The orders rendered on April 24, 2019, provided for possession and access of the child S.T. by her father, Alex Tannous on every Wednesday from 4:00 p.m. to 7:00 p.m. and the 1st, 3rd, 5th weekends of each month starting on Friday, 3:00 p.m. to 7:00 p.m., and on Saturday and Sunday from 9:00 a.m. to 7:00 p.m.

20.   The orders rendered on April 24, 2019, required that all periods of possession be supervised by one entity, Casa de Familia.

21.   The orders rendered on April 24, 2019, required that payment for supervision be pre-paid by 4:00 p.m. the Monday preceding a period of possession.

22.   These orders were never reduced to writing between the time of rendition and November 08, 2019.

23.   Alex Tannous testified that he was not gainfully employed by an employer.

24.   Alex Tannous testified that he was self-employed.

25.   That he was limited by federal regulations as to the ability to access funds not already deposited in the United States.

26.   At the time of the rendition of the orders on April 24, 2019 the Lebanese passport

of Alex Tannous was in the possession of the Honorable Norma Gonzales.

27. Alex Tannous testified that he does not have a passport issued by the United States.

28. Alex Tannous is not a citizen of the United States.

29. Alex Tannous is a lawfully admitted permanent resident of the United States.

30. Alex Tannous testified that he does not have a passport issued from any other country.

31. Temporary Orders issued by the Honorable Solomon Casseb, III were in effect from September 13, 2018 to the time of trial in April, 2019.

32. During the time of Temporary Orders periods of possession by Alex Tannous and the child, S.T. were supervised by attorney Rosie Gonzales, now the Hon. Rosie Speedlin-Gonzales at a rate of $100.00 an hour which was then increased to $500.00 an hour.

33. During the time of Temporary Orders Alex Tannous paid Rosie Gonzales in excess of $20,000.00 for supervisory fees.

34. There was no evidence or testimony that Alex Tannous had ever made an attempt to abscond with his child, S.T during the time period of Temporary Orders September 13, 2018 to April 2019.

35. There was no evidence that Alex Tannous ever returned the child late after a period of possession during the time period of Temporary Orders.

36. There was no evidence that Alex Tannous ever refused to return the child after a period of possession during the time period of Temporary Orders.

37.   There was ample evidence of the failure of Angelique Albanese to comply with the Temporary Orders from September 13, 2018 to April 2019.

38.   Angelique Albanese failed to comply with the Temporary Orders from September 13, 2018 to April 2019 on eight separate occasions.

39.   There was no evidence from any third party as to the potential for or ability for Alex Tannous to abscond with his daughter.

40.   There was no evidence from any expert witness as to the potential for or ability for Alex Tannous to abscond with his daughter.

41.   There was no evidence that the Court considered other less intrusive means to safeguard the child.

42.   There was no evidence that the Court considered other less expensive means to safeguard the child.

43.   There was no evidence that the Court considered the use of a GPS ankle monitoring device as an alternative means to safeguard the child.

44.   A GPS ankle monitoring device is substantially less expensive and was readily available to the Court as an alternative means to safeguard the child.

45.   There is no evidence in the record as to the laws in the country to which the Mother opined the Father may take the child.

46.   There was no evidence in the record as to the inability to safeguard the child's passport.

47.   There was no evidence in the record as to the inability to notify the Secretary of State as to the child's identity and prohibition of exiting the United States.

48.    There is no evidence in the record as to the inability to enter into the internet database of the Secretary of State and homeland Security the information as to prohibit the removal of the child from the United States.

49.    There is no evidence in the record as to the inability to monitor Alex Tannous in his attempt to obtain airfare on a commercial airline.

50.    There is no evidence in the record as to the inability to monitor Alex Tannous in his attempt to obtain airfare on a private airline.

51.    There is no evidence in the record that the Court considered the fact Alex Tannous has an application for citizenship for the United States pending.

52.    On August 1, 2019 the Court set a hearing for entry of the final order.

53.    On September 4, 2019 the Court ordered the transcript of the ruling to be produced.

54.    The cost of the partial transcription (ruling only) by Amy Hinds, C.S.R on April 24, 2019 was $300.00 which was paid by Alex Tannous.

55.    On November 6, 2019 an Order of Withdrawal was signed allowing Charles Tabet to withdraw as counsel of record for Alex Tannous.

56.    On November 08, 2019 at 10:00 A.M. a transcript was provided for the first time to Ryan Reed, an attorney representing Alex Tannous in business and commercial litigation.

57.    On November 8, 2019 at 3:00 P.M. the Court began the hearing on the entry of the order.

58.    On November 08, 2019 Ryan Reed, the business attorney for Alex Tannous

appeared and objected to the hearing and requested additional time to review the transcript and consult with an attorney familiar with family law.

59.    The request for additional time was denied.

60.    From the time of rendition of the orders in April 24, 2019 until the entry of the final decree on November 08, 2019 Alex Tannous's periods of possession were supervised by Casa de Familia.

61.    There was no evidence or testimony that Alex Tannous had ever made an attempt to abscond with his child, S.T during the time period of April 24, 2019 and November 08, 2019.

62.    There was no evidence that Alex Tannous ever returned the child late after a period of possession, S.T during the time period of April 24, 2019 and November 08, 2019.

63.    There was no evidence that Alex Tannous ever refused to return the child after a period of possession, S.T during the time period of April 24, 2019 and November 08, 2019.

64.    Angelique Albanese failed to comply with the Temporary Orders from April 24, 2019 to November 08, 2019 on four separate occasions.

65.    This Court signed its judgment, a Decree of Divorce on November 08, 2019.

66.    There is no record that Alex Tannous was sworn in as a witness on November 08, 2019.

67.    Alex Tannous did not agree and did not sign the Decree of Divorce of November 08, 2019.

68. At the time of entry of the final decree of divorce on November 8, 2019 Alex Tannous periods of possession had been continuously supervised for a period of 13 months.

69. At the time of rendition on April 24, 2019 Alex Tannous had paid $57,900.00 for the cost of supervision.

70. The record is devoid of any evidence the Court considered the additional evidence of the lack of any attempt of Alex Tannous to abscond with his daughter, S.T. from April 24, 2019 to November 08, 2019 when the Court ordered Alex Tannous's periods of possession to continue to be supervised.

71. The record is devoid of any evidence the Court considered additional evidence of the cooperation and compliance by Alex Tannous with the requirement for supervision from April 24, 2019 to November 08, 2019 when the Court ordered Alex Tannous's periods of possession to be continue to be supervised.

72. The record is devoid of any evidence the Court considered the additional costs of for supervision from April 24, 2019 to November 08, 2019 when the Court ordered Alex Tannous's periods of possession to be continue to be supervised.

73. The record is devoid of any evidence the Court considered the additional costs for supervision on April 24, 2019 when the Court ordered Alex Tannous's child support to be $1,710,00 a month.

74. The record is devoid of any evidence the Court considered the additional costs for supervision from November 08, 2019 and forward when the Court continued Alex Tannous's child support at $ 1,710.00 a month.

75.    The record is devoid of any evidence the Court considered the cost of for supervision from September 13, 2018 to April 24, 2019 when the Court ordered Alex Tannous's child support obligation to start retroactively on **September, 2018.**

76.    The record is devoid of any evidence the Court considered the cost of for supervision from April 24, 2019 to November 08, 2019 when the Court signed an order for Alex Tannous's child support obligation to start retroactively on **August 1, 2018.**

77.    The retroactive date for child support to start predates the filing of the petition for divorce.

78.    The order signed by Honorable Michael Mery contains a retroactive start date of **August 01, 2018,** a date that predates the filing of the petition for divorce.

79.    The order signed by Honorable Michael Mery contains a retroactive start date of August 01, 2018, a date that is contrary to the verbal order of the Court as supported by the transcript of April 24, 2019.

80.    The Court received some evidence of the parties agreement as to a division of the community estate in conjunction with the Wife's waiver of her claim for retroactive child support.

81.    The Court did not allow the testimony of Alex Tannous as to his understanding of the agreement.

82.    The Court did not allow the testimony of Alex Tannous as to his denial of consent to an agreement to award 100% of the community assets to Angelique Albanese.

83. The record reflects that several parts of the hearing was conducted off the record.

84. It is inconceivable that Alex Tannous would agree to award 100% of the community assets to his wife Angelique Albanese AND agree to pay retroactive child support of more than $25,000.00.

85. There is no evidence that Alex Tannous agreed to award 100% of the community assets to his wife Angelique Albanese AND pay retroactive child support of more than $25,000.00.

86. In assessing retroactive child support the Court disregarded the parties agreement which addressed the division of the community assets.

87. In assessing retroactive child support the Court disregarded the parties agreement which addressed the division of the community assets with the Wife receiving 100% of the community assets in exchange for the Wife's waiver of her request for retroactive child support.

88. The record reflects counsel's objections considering the issue of retroactive child support and counsels assertions as to the waiver of retroactive child support.

89. In awarding 100% of the community assets to the wife, Angelique Albanese the Court abused its discretion.

90. In awarding 100% of the community assets of the estate to the wife, Angelique Albanese and awarding a judgment in favor of Robert Inserni in the amount of $41,157.00 for the Wife's attorney's fees the Court abused its discretion.

91. The Court ordered Angelique Albanese to prepare Proposed Findings of Fact and Conclusions of Law.

92.   Angelique Albanese failed to provide the Court Proposed Findings of Fact and Conclusions of Law in a format or substance that would assist a higher court in review of this matter.

93.   The Court finds that Alex Tannous does not waive—and has not waived—any complaint about any term in the Decree of Divorce or in the Court's Findings of Fact and Conclusions of Law.

94.   Any item described in this document as a Finding of Fact that is actually a Conclusion of Law shall be deemed a Conclusion of Law.

## CONCLUSIONS OF LAW

1.   The Court has jurisdiction of this case and of all the parties, and no other court has continuing exclusive jurisdiction of this case.

2.   All persons entitled to citation were properly cited.

3.   The parties resided in Bexar County six months prior to Angelique Albanese filing her petition for divorce.

4.   The marriage is irreconcilable.

5.   The judgement dissolving the marriage is appropriate.

6.   In awarding 100% of the community estate to the wife, Angelique Albanese the Court abused its discretion.

7.   In awarding 100% of the community assets of the estate to the wife, Angelique Albanese and awarding a judgment in favor of Robert Inserni in the amount of $41,157.00 for the Wife's attorney's fees he Court abused its discretion.

8.   The order signed by Honorable Michael Mery contains a retroactive start date for

child support of August 01, 2018, a date that is contrary to the verbal order of the Court as supported by the transcript of April 24, 2019.

9.   The evidence is legally or factually insufficient to support the conclusion of law there is a high risk of international abduction by Alex Tannous.

10.   The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.501 has been met.

11.   The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.502 has been met.

12.   The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.503 has been met.

13.   The evidence is legally or factually insufficient to support the conclusion of law that Alex Tannous's parental rights should be limited.

14.   The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.072 has been met.

15.   The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.073 has been met.

16.   The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.192 has been met.

17.   The evidence is legally or factually insufficient to support the conclusion of law that Alex Tannous should be appointed a Possessory Conservator when the presumption is that a parents should be appointed Joint Managing Conservators parental rights should be limited.

18. The evidence is legally or factually insufficient to support the conclusion of law that the presumption that parents should be appointed Joint Managing Conservators has been rebutted in appointing Alex Tannous a Possessory Conservator.

19. The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.131 has been met.

20. The evidence is legally or factually insufficient to support the conclusion of law that the limitations and restrictions on the parental rights of Alex Tannous to possession and access are in the best interest of the child.

21. The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.193 has been met.

22. The evidence is legally or factually insufficient to support the conclusion of law for the imposition on less than a Standard Possession Order for access and possession.

23. The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.252 has been met.

24. The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.253 has been met.

25. The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.254 has been met.

26. The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 153.258 has been met.

27.  The evidence is legally or factually insufficient to support the conclusion of law for the amount of child support ordered by the Court for Alex Tannous.

28.  The evidence is legally or factually insufficient to support the conclusion of law that the requirement of Tex. Fam. Code § 154.130 has been met.

29.  The evidence is legally or factually insufficient to support a conclusion of law that the orders are in the best interest of the child.

30.  Any item described in this document as a Conclusion of Law that is actually a Finding of Fact shall be deemed a Finding of Fact.

Respectfully submitted,

LAW OFFICES OF STEPHANI A. WALSH
411 South Presa
San Antonio, Texas 78205
Telephone (210) 271-3040
Facsimile (210) 271-0048
Email: swalshrn@sbcglobal.net

STEPHANI A. WALSH
State Bar No. 20804800

Ricardo G. Cedillo
State Bar No. 04043600
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 782112
Telephone: (210) 822-6666
Facsimile: (210) 822-1151
Email: rcedillo@lawdcm.com

**ATTORNEYS FOR RESPONDENT
ALEX TANNOUS**

14

## CERTIFICATE OF SERVICE

 This is to certify that pursuant to Rule 21 of the Texas Rules of Civil Procedure, that a true and correct copy of the foregoing document has been served upon the below-named individuals in the following manner as prescribed by Rule 21(a) of the Texas Rules of Civil Procedure on this the 3ʳᵈ day of February, 2020.

Mr. Miguel Ortiz
Ortiz Law Offices, P.C.
909 NE Loop 410, Suite 715
San Antonio, Texas 78209
*By Email:* __miguel@ortizlawyers.com__ *and Facsimile*


STEPHANI A. WALSH



**Haynie &
Company**

Certified Public Accountants   (a professional corporation)
2702 N. Loop 1604 E., Ste. 202  San Antonio, TX 78232   (210) 979-0055   Fax (210) 979-0056

Robert A. Stanic
Certified Public Accountant

Steven H. Butler
Certified Public Accountant

Clarence Richardson
Certified Public Accountant

John Boswood
Certified Public Accountant

September 28, 2018

To whom it may concern:

At the request of Alex Tannous our office has compiled a record of cash
receipts, disbursements, and charges to a debit card for the years
indicated.  Cash transfers from Dubai to his U.S. Company, Avaline
Trading, and LLC are included.

The compiled schedules indicate that Mr., Tannous provided $797,209
in support for the family from the October, 2015 through August, 2018.

In addition, we have attached individual tax returns for Alex and
Angelica Albanese for 2016 and 2017.

The 2016 1040 filed jointly indicates an income of $74,234 from the
business activities of Ms. Albanese and $34,988 from Mr. Tannous
companies.  Mr. Tannous receives distributions from his companies in
Dubai that are not taxable income in the USA.

The 2017 1040 appears to be incomplete and incorrect.  In addition to
not including any income from Mr. Tannous although he did have
income, the business income of Ms. Albanese does not reflect any
expenses.  The 2016 form 1040, for example, indicates $133,424 in
expenses related to the production of her income.  The return as
prepared reflects a tax due of $93,773.

Finally, we have attached tax returns for 2017 and 2016 of four
companies owned by Mr. Tannous in whole or in part.

We did not audit or review the information provided in the attached
schedule nor provide any form of assurance on it.

Sincerely,

Steven H Butler
Certified Public Accountant

1785 West Printers Row
Salt Lake City, Utah 84119
(801) 972-4800

50 West Broadway, Suite 600
Salt Lake City, UT 84101
(801) 532-7800

6974 South Fashion Pointe Dr., Suite 120
South Ogden, UT 84403
(801) 479-4800

1221 West Mineral Avenue Suite 202
Littleton, Colorado 80120-4544
(303) 734-4800

873 North Cleveland Avenue
Loveland, Colorado 80537
(303) 577-4800

CAUSE NO. 2018-CI-15371

IN THE MATTER OF

THE MARRIAGE OF

IN THE DISTRICT COURT

ANGELICA JULISSA ALBANESE
AND

45th JUDICIAL DISTRICT

ALEX TANNOUS

BEXAR COUNTY, TEXAS

AND IN THE INTEREST OF
SOPHIA TANNOUS, A CHILD

## RESPONDENT'S NOTICE FOR TIME EXTENSION OF APPEAL

RESPONDENT, ALEX TANNOUS FILES THIS, HIS NOTICE OF APPEAL PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 26.1.  THE TRIAL COURT, AS WELL AS THE CASE'S TRIAL COURT NUMBER AND STYLE, ARE IDENTIFIED ABOVE. APPEAL CASE NUMBER 04-20-00060-CV. ON 22ND OF APRIL. 2020 THE FOURTH COURT OF APPEAL SAN ANTONIO, TEXAS SENT US A LETTER OF MEMORANDUM OPINION THAT THE RESPONDENT DID NOT PAY THE FEES AND THE COURT REPORTER NEVER BEEN SERVED TO ISSUE THE TRANSCRIPT FOR THE TRIAL. THE RESPONDENT HAS PROOF OF THE FEES PAYMENT AND A RECEIPT NUMBER 41982704 IN THE AMOUNT OF 205 USD AND THE COURT REPORTER HAS BEEN SERVED AND PAID BY MY PREVIOUS ATTORNEY RICARDO G. CEDILLO {DC & M ATTORNEYS AT LAW} ON THE 25TH OF JANUARY 2020, AND SHE WAS PAID BY THE FORM W9 IRS. WE HAVE BEEN IN THIS SITUATION BECAUSE OF THE COVID 19 AND FOR THE SAFETY OF EVERYONE THERE WAS A MISSCOMMUNICATION WITH MY PREVIOUS LAWYER AND THE COURT THIS IS THE REASON I AM ASKING FOR AN EXTENSION OF TIME. DEFENDANTS DESIRE TO APPEAL TO THE FOURTH COURT OF APPEALS THE FINAL DECREE OF DIVORCE SIGNED ON NOVEMBER 8, 2019.

RESPECTFULLY SUBMITTED,

ALEX TANNOUS, FATHER OF THE CHILD.

3529 OAKGATE DR. SAN ANTONIO, TX 78230

CELL: (202)- 320-2233

EMAIL: SOPHIADDAY01@HOTMAIL.COM

ALEX TANNOUS

ALEX TANNOUS, FATHER OF THE CHILD.

3529 OAKGATE DR, SAN ANTONIO, TX 78230

CELL: (202)- 320-2233

EMAIL: SOPHIADDAY01@HOTMAIL.COM

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT PURSUANT TO RULE 21 OF THE TEXAS RULES OF CIVIL PROCEDURE, THAT A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT HAS BEEN SERVED UPON THE BELOW-NAMED INDIVIDUALS IN THE FOLLOWING MANNER AS PRESCRIBED BY RULE 21 (A) OF THE TEXAS RULES OF CIVIL PROCEDURE ON THIS THE 20th DAY OF JULY 2020.

Alex Tannous

## Cases against her

IRS # 04–30–19

Threat # message

Slender #

Fraud # bank cadence

Kidnap# plus the offer q

R.E sold # 05–01–19

PI # Filed 03–08–2019

Visitation. Break court order

Defemition and libel

Video of inserni

Identity theft credit karma

Protection order

Child support general attorney

Judge no evidence and threats and bribes he knows me from church

Lie under outh

Father right child right grandparents

Racist and prejudiced

Child support

Appeal

Investors

Attacking me

Codes of enforcement

Damage 100 millions

Stalking harrassment

Damage my health

Baby health

Change the case from bexar county to Austin justice department

Casa de familia fraud

Visitation 500$ per hour

Religion

Culture

Racism

Pregedist

Ryan letter court order child support

94 mistake

PASSPOTT and Released

Reject MY DUBAI STATements

